IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

C.A. No. 14-16804

_____

ROSARIO ASUNCION

Plaintiff-Appellant

v.

SPECIALIZED LOAN SERVICING, INC., et al.

_____

**BRIEF OF APPELLANT**

_____

Appeal from Judgment of the United States District Court

For the District of Nevada

D.C. No. 2:13-cv-02307-GMN-CWH

_____

MICHAEL S. TERRY, ESQ.
Nevada Bar no. 11295
2881 South Valley View Blvd., Ste 4
Las Vegas, NV 89102
(702) 546-0575
terrylawgroup@gmail.com

Attorney for Appellant
ROSARIO ASUNCION

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . .. 3

I. STATEMENT OF JURISDICTION . . . 5

II. ISSUES PRESENTED. . . . . . . . 5

III. STATEMENT OF THE CASE . . . . . 5

IV. STATEMENT OF FACTS . . . . . . . 7

V. SUMMARY OF ARGUMENT . . . . . 10

VI. STANDARD OF REVIEW . . . . . . 11

VII. DISCUSSION . . . . . . . . . 12

   1. THE UNTIMELY ASSIGNMENT OF APPELLANTS DEED OF TRUST INTO THE MBS TRUST WAS VOID MAKING HER TENDER OF THE MORTGAGE UNNECESSARY

   2. TENDER OF THE MORTGAGE IS PREMATURE WHERE NO FORECLOSURE HAS YET OCCURRED . . 21

VIII. CONCLUSION. . . . . . . . 24

VIII. STATEMENT OF RELATED CASES . . . . 26

CERTIFICATE OF COMPLIANCE . . . . . 27

# TABLE OF AUTHORITIES

*Arnolds Mgmt Corp. v Eischen, 158 Cal. App. 575 578 (Cal. Ct. App. 1984)*     *23*

*Barrionuevo v Chase Bank*, 85 F. Supp. 2d 964 (N.D. Cal 2012)     *21*

*Bell Atl. Corp. v Twombly,* 550 U.S. 544, 570 (2007)     *11*

*Dimock v Emerald Properties, LLC.,*81 Cal. App. 4th 868     *13,18*

*Ferguson v Avelo Mortgage, LLC  No. B223447 2011 WL 2139143 (Cal. App. 2d ) June 1, 2011*     *23*

*Giannini v American Home Mortgage Servicing, Inc., 2012 WL 298254*     *21*

*Glaski v Bank of America, NA* (218 Cal App 4th 1079)     *18*

*Integan v Bank of America*, 214 Cal. App. 4th 1047 (2013)     *13*

*Lalwani v Wells Fargo Bank, N.A.* , No. 2:11-cv-0084-KJD-PAL, 2011 WL 4574388 (D. Nev. 2011)     *22,23*

*Lona v Citibank, N.A.*, 202 C.A. 4th 89     *13,18*

*Mcquiddy v Ware, 87 U.S. 14 (1873).*     *23*

*Pfeifer v Countrywide Home Loans*, 211 Cal. App. 4th 1250 (2012)).     *7*

*Naranjo v SBMC Mortgage*, et al, Lexis 103735 (S.D. Cal 2012)     *13*

*Robinson v Bank of Am., 12-CV-00494-RMW, 2012 WL 1932842 (N.D.Cal )2012*     *21*

*Rowe v Educ. Credit Mgmt Corp.*, 559 F.3d 1028 (9th Cir. 2009)     *11*

*Tamburri v Suntrust Mortgage*, et al. 2011 WL 6294472 (N.D. Cal 2011) *13*

*Swint v Chambers County Comm'n* (1995) 514 U.S. 42-43      *5*

*Vogan v Wells Fargo, N.A.,* 2011 WL 5826016 (E.D. Cal 2011      *18*

*Vissuet v Indymac Mortg. Services, 2010 WL 1031013,*      *21*

*Wensley v First Nat Bank of Nevada*,
874 F. Supp. 2d 957 (D. Nev 2012)      *22,23*

**RULES**

Fed. R. App 4.      *5*

## STATEMENT OF JURISDICTION

This appeal arises from a final judgment following an order in favor of Defendants/Respondents in a case filed by Plaintiff/Appellant in the District Court of Clark County, Nevada that was subsequently removed to U.S. District Court. ER 2 [Order Granting Motion to Dismiss Plaintiff's Second Amended Complaint]. Plaintiff/Appellant filed a Notice of Appeal on September 19, 2014. ER 1 [Notice of Appeal]. The appeal is timely pursuant to Fed. R. App 4.

The order is appealable if the district court enters final judgment in the case (i.e. appellate review lies on appeal from the final judgment). *Swint v Chambers County Comm'n* (1995) 514 U.S. 42-43.

## STATEMENT OF ISSUES ON APPEAL

Did the District Court err in dismissing Appellant's Second Amended Complaint by ruling that she was required to tender the full amount of her mortgage prior to filing her claim for Quiet Title.

## STATEMENT OF THE CASE

On September 18, 2013, Appellant filed a Complaint in the District Court of Clark County, Nevada against Respondents SPECIALIZED LOAN SERVICING, INC.; CITIBANK, N.A., AS TRUSTEE FOR THE HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR3

MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR3; BANK OF AMERICA, N.A, successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A. and which was assigned Case no. A-13-688859-C.

On October 16, 2013, Appellant filed an Amended Complaint in the District Court of Clark County, Nevada against the very same Respondents in which she included additional factual allegations.

On November 14, 2013, Appellant filed a Second Amended Complaint in District Court of Clark County, Nevada against the very same Respondents and thereafter timely served all named parties.   ER 5

On December 18, 2013, Respondents filed a Petition for Removal from the District Court of Clark County, Nevada to the US District Court for Nevada.  ER 6.

On January 31, 2013, Respondents filed a Motion to Dismiss Second Amended Complaint. ER 4.   On February 24, 2014 Appellant filed a Response to Motion to Dismiss Second Amended Complaint.  ER 3.    On March 19, 2014, Respondents filed their Reply to Opposition to Dismiss Second Amended Complaint.

On August 20, 2014, the US District Court granted Respondents Motion to Dismiss Second Amended Complaint.  ER 2.   Also on August 20, 2014, pursuant

to Judge Navarro's Order granting dismissal of Appellant's Second Amended Complaint, the Clerk of Court entered a Clerk's Judgment in favor of Respondents. On September 19, 2014, Appellant filed her Notice of Appeal. ER 1.

## STATEMENT OF THE FACTS

On March 1, 2007, Appellant executed a Promissory Note and Deed of Trust in favor of Countrywide Bank, NA for the purpose of acquiring a residential property located at 282 Angels Trace, Las Vegas, Nevada 89148. The Deed of Trust identified Countrywide Bank as the lender and beneficiary, Respondent MERS as the nominee of the beneficiary and Respondent Recontrust as the Trustee. ER 5, p.7.

Shortly after the loan closed, Countrywide Bank, NA, Respondents BANK OF AMERICA, NA, as successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING, CITIBANK, NA AS TRUSTEE FOR THE HOLDERS OF STRUCTURED ASSET MORTAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR3 and RECONTRUST undertook and carried out a securitization of Appellant's mortgage into a mortgage backed security trust (MBS). ER 5 pgs 8-13. The specific provisions of the MBS Trust required that all of its holdings had to be received and in place no later than April 30, 2007. ER5 p.12

On September 29, 2009, Appellant filed a Chapter 13 bankruptcy in the US Bankruptcy Court as Case no 09-28055 BAM and identified Respondents BANK OF AMERICA, NA, as successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING as creditors therein. ER 5 p.13

On November 5, 2009, Respondents BANK OF AMERICA, NA, as successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING filed its proof of claim representing that it was a proper creditor to receive payments under the subject mortgage.

On April 21, 2011, Appellant filed her Objection to Respondent BANK OF AMERICA, NA, as successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING Proof of Claim contending that it was not a secured creditor that was entitled to receive payments in the Reorganization Plan because it had not been properly assigned any interest in the subject Deed of Trust. ER 5 p.13

On April 27, 2011, Respondent MERS executed an Assignment of Deed of Trust granting its beneficial interest in the subject Deed of Trust in favor of Respondent CITIBANK, NA as Trustee for Respondent STRUCTURED ASSET

MORTAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR3.   ER 5 p.14

On December 8, 2011, Judge Markell of the US Bankruptcy Court entered an Order sustaining Appellant/Debtor's Objection to Proof of Claim in which he ruled that Respondent BANK OF AMERICA, NA, as successor-by-merger to BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING failed to demonstrate that it had been properly assigned any beneficial interest in the subject Deed of Trust.   ER 5 pgs. 14-15

On November 9, 2012, Appellant received a letter addressed to her from Respondent SPECIALIZED LOAN SERVICING, INC in which it represented that as of November 1, 2012 it was servicing her mortgage on behalf of Respondent BAC HOME LOANS SERVICING, LP.   In response, on January 17, 2013, undersigned counsel sent a letter to Respondent SPECIALIZED LOAN SERVICING, INC advising of the December 8, 2011 bankruptcy Order and detailing that Respondent SPECIALIZED LOAN SERVICING, INC did not have legal authority to continue its collection activities against Appellant on behalf of Respondent   BAC HOME LOANS SERVICING, LP.   ER 5 p.15

On July 30, 2013, Respondent MERS executed an Assignment of Deed of Trust granting its beneficial interest in the subject mortgage to Nationstar Mortgage.   ER 5 p.16    On October 15, 2013, Appellant again received a letter

from SLS in which it represented that as of that date it was the servicer of the mortgage and identified Wilmington Trust, National Association as the Successor Trustee from Citibank, NA on behalf of Respondent STRUCTURED ASSET MORTAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR3 and sought to reinstate her mortgage.  ER 5 pgs.16-17

## SUMMARY OF THE ARGUMENT

The District Court erred in its dismissal of the Appellant's Second Amended Complaint by requiring her to prove that she was not in default of the subject mortgage loan by being able to tender the entire obligation thereon as a pre-condition to her eligibility to bring a legal challenge to Quiet Title against adverse claimants.  The District Court failed to recognize that the allegations in her Second Amended Complaint, Appellant regarding the void nature of the Deed of Trust were sufficient to demonstrate that her case was one of a recognized class that was exempt from application of the tender requirement.

Additionally, Appellant is not seeking to invoke equity to halt a pending foreclosure or other trustee sale remedy.  Rather, it is an action merely seeking to elicit a judicial determination of rights in real property only, and, in such instances, courts have allowed homeowners to file a their claim where there has not yet been a foreclosure sale.  Because there is presently no pending or threatened harm of

foreclosure, it was premature for the District Court to have required Appellant to do equity when she herself is not seeking an equitable remedy.

Appellant submits that the District Court erred in its Order granting dismissal by failing to recognize that the facts she alleged in the Second Amended Complaint were of sufficient weight that the equitable remedy of tender was inapplicable to her and also by failing to appreciate that tender is not required where there is no pending foreclosures sale.   Because of its earlier misapplication of the equitable rule relating to tender Appellant submits her case should be remanded back to the US District Court to allow her to engage in further proceedings therein.

<strong>STANDARD OF REVIEW</strong>

An order granting a motion to dismiss pursuant to Rule 12(b)(6) is reviewed de novo.  *Davis v HSBC Bank, Nevada*  691 F3d 1152 (2012 C.A. 9).   To survive dismissal, the Complaint must allege "*enough facts to state a claim for relief that is plausible on its face.*" *Bell Atl Corp. v Twombly*, 550 U.S. 544, 570 (2007). Moreover, the reviewing court must accept "*all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party*" *Rowe v Educ. Credit Mgmt Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009).

## DISCUSSION

The District Court erred in dismissing Appellant's Second Amended Complaint without leave to amend for the reason that tender of her mortgage prior to her filing suit fell within one of the legally recognized exceptions to the general duty to tender the mortgage prior to a homeowner filing a claim for Quiet Title against their lender. The Court determined that Appellant had not made a tender of the mortgage prior to her filing her Second Amended Complaint and that such omission was fatal to her claim. Appellant submits that under the particular facts of her case, tender was not required and that this matter should therefore be remanded back to the U.S. District Court for further proceedings.

In this matter, Appellant has not received a Notice of Trustee Sale and there is no immediate peril of her residence being foreclosed. Rather, in her Second Amended Complaint, Appellant contends that the April 27, 2011 assignment of the subject Deed of Trust by Respondent MERS to Respondent CITIBANK, N.A. was void, since it took place far outside the closing date of the MBS Trust when the Trustee was authorized to receive it. Under similar facts, other courts have allowed cases to proceed forward without the homeowner having to first tender the full amount of the mortgage before filing a lawsuit to challenge the validity of a securitized mortgage.

It is settled law that there are at least four legally recognized exceptions to the general requirement that a homeowner must tender the full amount of their mortgage prior to challenging the lawfulness of a foreclosure or defects in the origination of their mortgage or other actions taken in relation to their mortgage. Among them, the challenge of documents that are alleged to be void, as herein, are authorized. In *Lona v Citibank*, (2011) 202 Cal. App. 4th 89, 113, a case where the homeowner sought to set aside a non-judicial foreclosure sale by alleging tort and contract claims and Defendants prevailed on summary judgment, on appeal the Court held that:

> "First, if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt (citations omitted)  Second, a tender will not be required when the person who seeks to set aside the trustee sale has a counter-claim or set-off against the beneficiary.  In such cases, it is deemed that the tender and counter-claim offset one another, and if the offset is equal to or greater than the amount due, a tender is not required  (citations omitted) Third, a tender may not be be required where it would be inequitable to impose such a condition on the party challenging the sale (citations omitted) …Fourth, no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face (Dimock v Emerald Properties LLC,*
> *81 Cal App 4th at p.878*)"

(See also *Tamburri v Suntrust Mortgage*, et al. 2011 WL 6294472 (N.D. Cal 2011);  *Tang v Bank of America*, NA, 2012 WL 960373, at *4 (C.D. Cal 2012); *Integan v Bank of America*, 214 Cal. App. 4th 1047 (2013); *Pfeifer v Countrywide Home Loans*, 211 Cal. App. 4th 1250 (2012)).

## I.    THE UNTIMELY ASSIGNMENT OF APPELLANT'S DEED OF TRUST INTO THE MBS TRUST WAS VOID MAKING HER TENDER OF THE MORTGAGE UNNECESSARY

In prior proceedings of this case, Appellant successfully challenged Respondents BAC authority to receive payments under the mortgage.   On September 28, 2009, Appellant filed a Chapter 13 bankruptcy as Case BK-S-09-28055 and identified Respondent BAC HOME LOANS SERVICING, LP (which was the predecessor by merger to Respondent BANK OF AMERICA, N.A.) on her Petition for Relief as a creditor. ER 5 p. 13  On November 5, 2009, Respondent BAC HOME LOANS SERVICING, LP filed a Proof of Claim contending that it was a secured creditor which was entitled to receive payment in Appellant's Reorganization Plan.  ER 5 PG.13.   On March 8, 2011 Appellant filed her Amended Objection to Respondent BAC HOME LOANS SERVICING, LP's Proof of Claim, the basis of which was that Respondent BAC HOME LOANS SERVICING, LP was not a secured creditor entitled to payments under the Reorganization Plan because it could not prove that it lawfully received the subject Deed of Trust. ER 5 PG. 13   There, as herein, Appellant/Debtor made the argument that the manner in which Respondent/Trustee had received the relevant Deed of Trust made it void as against Appellant/Debtor.    The issue was fully briefed and on October 4, 2011, Judge Markell heard testimony from the parties on the issue.   Judge Markell held that Respondent/Creditor BAC HOME LOANS

14

SERVICING, LP failed to prove that it was a proper secured party entitled to

payment under Appellant/Debtor's Reorganization Plan because of the defective

manner in which it received the relevant Deed of Trust, which was far outside the

period of time in which it was required to do so under the relevant Trust

documents.   Judge Markell held that:

> "*BAC did not produce sufficient evidence to demonstrate its status as a secured creditor.  BAC did not produce the assignments of the deed of trust corresponding to the note, not did it produce documentation showing when the assignments occurred, identifying the parties to the assignments or specifying the interests conveyed by those assignments.  Put another way, BAC asserts certain interests as an assignee, but it has not shown whether such interests were properly assigned to BAC. The Court cannot simply take BAC's representation that it has inherited the interests of some assignor, and that it is a secured creditor on those grounds alone.  See 11 USC 502(b)(1)("[T]he court…shall allow[a claim for which a proof of claim is filed]except to the extent that …such claim is unenforceable against debtor and property of the debtor, under any agreement or application law for a reason other than because such claim is contingent or unmatured…" See also Leyva v National Default Servicing Corp., 127 Nev. ____,___,255 P.3d 1275, 1279 (Nev.2011)(noting, in the context of Nevada's Foreclosure Mediation Program, that the proper assignment of a party's interest in land via deed of trust to another party **requires** a signed writing by that party demonstrating that transfer of interest)(emphasis supplied). For these reasons, the court hereby grant's Debtor's Motion and sustains Debtor's Objection on standing grounds.  Accordingly, this order is without prejudice to, and in no way bars, the proper party from establishing standing to file a proof of claim in connections with the note at issue in this matter nor does it preclude BAC from bringing a motion for reconsideration of its proof of claim under 11 USC 502(j)."*

ER 5 pgs 14-15

In a footnote to the Order, the Court acknowledged that BAC had filed

certain assignments from MERS, but, they had been untimely filed and were thus

barred from consideration for the hearing on the Objection.  What was and is significant regarding the late filed Assignments, is that although Respondents/Creditors were allowed the opportunity to file a motion for reconsideration of the issue relating to the void assignment of the Deed of Trust, they chose not to utilize that opportunity.   Appellant submits that by granting Respondent's Motion to Dismiss, the District Court herein unfairly allowed Respondents the opportunity to contest Appellant's claim that the relevant Assignment of Deed of Trust was void in a venue where that issue should have been decided, if at all, in the US Bankruptcy Court.   Moreover, the US District Court failed to apply or even address Judge Markell's analysis when reviewing the instant case, though that analysis was fully articulated in both the Second Amended Complaint and the Response to Motion to Dismiss.  ER 5, ER 3.

In her Second Amended Complaint, Appellant attached a forensic audit of the subject mortgage which contained extracts of documents that were filed between March 21, 2007 and March 31, 2008 with the United States S.E.C. on behalf of Respondent STRUCTURED ASSET MORTAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-AR3, including the relevant Pooling and Serving Agreement ("PSA"), the document which governs the MBS Trust. ER 5 p. 11.   That forensic audit appends thereto the relevant portions of the PSA itself and reveals that the MBS Trust

closed on April 30, 2007, the date after which the Trust was unable to receive any

further additions as part of the res.   ER 5 p. 10.

The Second Amended Complaint appended thereto as an exhibit an

unrecorded Assignment of Deed of Trust for the subject Deed of Trust, dated

April 27, 2011, and reveals that it was assigned by Respondent MERS to

Respondent CITIBANK, NA as Trustee for Respondent STRUCTURED ASSET

MORTAGE INVESTMENTS II TRUST 2007-AR3 MORTGAGE PASS

THROUGH CERTIFICATES, SERIES 2007-AR3, almost five years after the

MBS Trust had already closed.   ER 5 p.14.

The Second Amended Complaint appended thereto as an exhibit a recorded

Assignment of Deed of Trust dated July 30, 2013 for the subject Deed of Trust

and reveals it was assigned by Respondent MERS to Nationstar.  ER 5 p. 16.

The Second Amended Complaint appended thereto as an exhibit a letter from

Respondent SPECIALIZED LOAN SERVICING, INC. to Appellant dated

October 15, 2013 in which it notifies her of its authority to negotiate reinstatement

of the loan.   The letter states that:

> *"This communication is regarding your loan originated on 3/1/07 and secured by the property at located at 282 Angels Ct, Las Vegas, NV  89148 which is being serviced by Specialized Loan Servicing (SLS).*  **SLS is the current servicer for the current Beneficiary Wilmington Trust, National Association, as Successor Trustee to Citibank, NA as Trustee of Structured Asset Mortgage Investments II Trust 2007-AR3, Mortgage Pass Through Certificates, Series 2007-AR3 of the Deed of Trust."** (emphasis supplied)

ER 5 pgs. 16-17

It is unclear how Respondent MERS was able to transfer its "interest" in the subject Deed of Trust from Respondent CITIBANK, NA to Nationstar on July 30, 2013, a date on which it had nothing to convey, having previously assigned all its "interest" in the subject Deed of Trust to Respondent CITIBANK, NA.  ER 5 p. 14 It is also unclear how Wilmington Trust, National Association received its beneficial interest in the subject Deed of Trust, as Appellant never received any Notice of Successor Trustee nor any Notice of Assignment of Deed of Trust, recorded or otherwise, at any time from any person or entity, showing the transfer of beneficial interest from Nationstar to Wilmington Trust, National Association. Nevertheless, the April 27, 2011 assignment from Respondent MERS to Respondent CITIBANK, NA is the significant transfer which Appellant contends is legally defective and which form the core of her allegations in her Second Amended Complaint.

Recently, several courts have ruled that untimely transfers of deeds of trust into an MBS Trust, as in Appellant's case, violate the terms of their governing trust documents and are void and on that basis may be challenged (see *Naranjo v SBMC Mortgage*, et al, Lexis 103735 (S.D. Cal 2012);  *Vogan v Wells Fargo, N.*A.,  2011 WL 5826016 (E.D. Cal 2011);  *Glaski v Bank of America, NA* (218 Cal App 4th 1079), *Lona v Citibank, N.A*., 202 C.A. 4th 89 , *Dimock v Emerald Properties,*

*LLC.,*81 Cal. App. 4th 868).   Those cases stand for the proposition that a

mortgagor or trustor may successfully challenge foreclosure against the lender or

its agent on the basis that the relevant mortgage or deed was untimely assigned into

an MBS Trust and is therefore void.  In Glaski, the Court ruled that:

> *The allegation that the WaMu Securitized Trust was formed under New York*
> *law supports the conclusion that New York law governs the operation of the*
> *trust.  New York Estates, Powers & Trusts Law section 7-2.4, provides:*
> *"If the trust is expressed in an instrument creating*
> *the estate of the trustee, every sale, conveyance or other act of the trustee in*
> *contravention of the trust, except as authorized by this article and by any*
> *other  provision of law, is void"  Because the WaMu Securitized Trust was*
> *created by the pooling and servicing agreement and that agreement*
> *establishes a closing date after which the trust may no longer accept loans,*
> *this statutory provision provides a legal basis for concluding that the*
> *trustee's attempt to accept a loan after the closing date would be void as an*
> *act in contravention of the trust document* (Slip Opn. Page 20)…*We are*
> *aware that some courts have considered the role of New York law and*
> *rejected the post-closing date theory on the grounds that the New York*
> *statute is not interpreted literally, but treats acts in contravention of the trust*
> *instrument as merely voidable* (citations omitted) …
> *Despite the foregoing cases, we will join those courts that have read the*
> *New York statute literally.  We recognize that a literal reading and*
> *application of the statute may not always be appropriate because, in some*
> *contexts, a literal reading might defeat the statutory purpose by harming,*
> *rather than protecting, the beneficiaries of the trust.  In this case, however,*
> *we believe applying the statute to void the attempted transfer because it*
> *protects the beneficiaries of the WaMu Securtitzed Trust from the potential*
> *adverse tax consequences of the trust losing its REMIC status under the*
> *Internal Revenue Code.  Because the literal interpretation furthers the*
> *statutory purpose, we join the position stated by a New York court*
> *approximately two months ago: "Under New York Trust Law, every sale,*
> *conveyance or other act of the trustee in contravention of the trust is void.*
> *EPTL 7.2-4.  Therefore the acceptance of the note and mortgage by the*
> *trustee after the date the trust closed would be void." (Wells Fargo Bank,*
> *N.A. v Erobobo (Apr 29, 2013)* (citations omitted) …*Relying on Erobobo, a*
> *bankruptcy court recently concluded "that under New York law, assignment*

*of the Salidivars' Note after the start up day is void ab initio.   As such, none of the Salidivars' claims will be dismissed for lack of standing…We conclude that Glaski's factual allegations regarding post-closing date attempts to transfer his deed of trust into the WaMu Securitized Trust are sufficient to state a basis for concluding the attempted transfers were void…We are aware that some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two other parties* (citations omitted).   *Those cases are not persuasive because they do not address the principle that a borrower may challenge an assignment that is void and they do not apply New York trust law to the operation of the securitized trusts in question.  (Slip Opn. Page 23)."*

As in *Glaski* (supra), Appellant herein contends the subject MBS Trust was formed under New York law and is subject to its provisions pursuant to its own PSA.  ER 5 pg. 10  The PSA itself defines its authority and limitations and requires that all holdings of the MBS Trust must be within the trust res by its closing date of April 30, 2007.  ER 5 pg. 10.  The Second Amended Complaint describes how the subject Deed of Trust was only assigned by Respondent MERS to Respondent CITIBANK, NA as Trustee of the MBS Trust on April 27, 2011 (ER 5 pg.14), several years after the MBS Trust had closed and it was therefore legally impossible for the Trustee to receive Appellant's Deed of Trust.   Pursuant to the rationale found within *Glaski, Naranjo, Vogan and Lona*, regarding the untimely assignment of Trust assets, Appellant submits the April 28, 2011 Assignment of Deed of Trust wherein Respondent MERS attempted to convey its beneficial interest to Respondent CITIBANK, NA was void and of no legal effect,

such that all subsequent collection activities against Appellant upon the subject Deed of Trust are similarly without legal foundation.

## II.   TENDER OF THE MORTGAGE IS PREMATURE WHERE NO FORECLOSURE HAS YET OCCURRED

Unlike the facts in *Lona* (supra), in this matter, there has been no Trustee Sale nor has one been yet scheduled.  Rather, Appellant is at this time seeking to quiet her title and validate her ownership rights against Respondents who are seeking payment in relation to a Deed of Trust that was defectively assigned to the MBS Trust.   In such pre-foreclosure instances, courts have also recognized the inapplicability of a tender requirement.   In *Barrionuevo v Chase Bank*, 85 F. Supp. 2d 964, 969 (N.D. Cal 2012), a case where the homeowners filed suit against the lender alleging wrongful foreclosure and statutory violations in an attempt to stave off a non-judicial foreclosure, the Court denied the Defendants'  motion to dismiss based upon a failure to tender, explaining thusly:

> *"Further, a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place. See e.g. Vissuet v Indymac Mortg. Services, No. 09-CV-2321-IEG (CAB), 2010 WL 1031013, at \*2 (S.D. Cal 2010) ("[T]he California 'tender rule" applies only where the plaintiff is trying to set aside a foreclosure sale due to some irregularity."); Giannini v American Home Mortgage Servicing, Inc., No. 11-04489 TEH, 2012 WL 298254, at \*3 (N.D. Cal 2012) ("While it is sensible to require tender following a flawed sale- where irregularities in the sale are harmless unless the borrower has made full tender-to do so prior to sale, where any harm may yet be preventable, is not.")Robinson v Bank of Am., 12-CV-00494-RMW, 2012 WL 1932842 (N.D.Cal 2012)(the*

> *court found it "inequitable to apply the tender rule to bar plaintiff's claims" in part because "there has been no sale of the subject property"*

Herein, Appellant contends that the District Court relied on authority to dismiss Appellant's case that was inapposite to the matter before it. It relied on *Wensley v First Nat Bank of Nevada*, 874 F. Supp. 2d 957, 966 (D. Nev 2012) citing to *Lalwani v Wells Fargo Bank, N.A.* , No. 2:11-cv-0084-KJD-PAL, 2011 WL 4574388 (D. Nev. 2011) to find that Appellant had not made a tender of the full amount of the mortgage prior to challenging the lawfulness of the assignment of the relevant deed. ER 2. Those cases, and the authority cited therein for them, related to matters where a trustee sale had already taken place and the homeowner wanted to unwind those sales by alleging various procedural defects as a basis for setting them aside. The rationale behind *Wensley* and *Lalwani* is that it is equitable for a homeowner to prove that they would have been able to pay for the mortgage as a condition to challenge the lender for defects in the foreclosure of the secured property. If the homeowner(s) would not have been able to pay the amount of the defaulted mortgage in the first place, there is no error in refusing to set aside a procedurally defective foreclosure and/or trustee sale. Implicit in those decisions is the fact that the trustee sale had already occurred, unlike herein.

In *Wensley v First Nat Bank of Nevada,* 874 F. Supp 2d 957 (D. Nev 2012) the Plaintiff brought suit against several entities involved in the foreclosure of her home, alleging 9 separate causes of action sounding in tort, one of them being for

Quiet Title, as herein.   The Court dismissed all of the causes of action finding that they all suffered various defects in pleading or otherwise misconstrued the state of the law.   As to the Quiet Title cause of action, the Court held that Plaintiff was not seeking a judicial declaration of ownership rights in the property, as herein, rather, she challenged the procedures of the foreclosure alleging them to be deficient:

> "*Plaintiff has failed to allege that she is not in breach of the loan agreement. While Plaintiff does not expressly admit to being in default on the loan, the complaint, read as a whole, and taking all allegations in favor of Plaintiff, does not show even the barest hint of a dispute over whether Plaintiff was in default.   Rather, Plaintiff is challenging the procedure with which foreclosure was initiated against her, not that the loan was in default.*"   *Wensley* at 966.

Similarly, both *Wensley* and the US District Court herein cite to *Lalwani v Wells Fargo Bank, N.A.* No. 2:11-cv-0084-KJD-PAL, 2011 WL 4574388 (D. Nev. Sep 30, 2011), a case in which the Plaintiff alleged tort based causes of action for the wrongful foreclosure of her property as well as for Quiet Title and equitable relief.   In *Lalwani*, the Plaintiffs apparently sought to unwind the completed Trustee Sale and the Court denied equitable relief due to it dismissing the underlying causes of action.   As to the Quiet Title cause of action, the court stated:

> "*Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property.  See Ferguson v Avelo Mortgage, LLC No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011). Essentially, "he who seeks equity must do equity." Mcquiddy v Ware, 87 U.S. 14 (1873).  Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale*

*has been improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was the security." Arnolds Mgmt Corp. v Eischen, 158 Cal. App. 575 578 (Cal. Ct. App. 1984)."*

In cases where it is unnecessary for a mortgagor/trustor to invoke equity to set aside a defective trustee sale, as herein, it is widely agreed by reviewing courts that equity similarly will not require a tender of the  mortgage prior to mortgagor/trustor's challenge of its lawfulness.

As stated, in the instant matter no Trustee sale has yet taken place nor is one pending so Appellant is not seeking equity to unwind an action that has already taken place, rather, she only challenges the lawfulness of Respondents' actions in seeking to collect monies based on a Deed of Trust that was untimely assigned into the MBS Trust, which she contends renders that assignment void and the subsequent collection actions taken by Respondents without authority.

## CONCLUSION

The US District Court erred in dismissing Appellant's Second Amended Complaint with prejudice in that it incorrectly determined she was required to first tender her mortgage as a condition of being able to file a legal challenge against Respondents for Quiet Title.   Appellant respectfully submits that this Court should thus remand this matter back to the US District Court for further proceedings in that forum.

Dated:  January 27, 2015          TERRY LAW GROUP


_____/s/_____
Michael S. Terry, Esq.
Attorney for Appellant

## STATEMENT OF RELATED CASES

Appellant is unaware of any related case that is now pending before the Court which arises out of the same case from the US District Court below as the instant matter, nor is Appellant aware of any other related cases which raise a closely related issue or which involves the same transaction or event.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

**TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS**

1.  This brief complies with the type-volume limitation of Fed. R. App. P 32(a)(7)(B)

    because:

    X    This brief contains 5240 words, excluding the parts of the brief exempted by

    Fed R. App. P. 32(a)(7)(B0(iii), or

         This brief uses a monospaced typeface and contains_____ lines of text,

    excluding the parts of the brief exempted by Fed R. App. P. 32(a)(7)(B0(iii).

2.  This brief complies with the typeface requirements of Fed. R. App.P. 32(a)(5)

    and the type style requirements of Fed. R. App.P. 32(a)(6) because:

    X   this brief has been prepared in a proportionately spaced typeface using

    Microsoft Word 2010, 14 size, Times New Roman.


    _____
    Michael S. Terry
    Attorney for Appellant